DEZWAAN v HOLLAND MOTOR EXPRESS

Docket No. 123458. Submitted April 10, 1991, at Lansing. Decided June 3, 1991, at 9:15 A.M. Leave to appeal sought.

Harvey Dezwaan, a truck driver for Holland Motor Express, was injured in the course of his employment and began receiving voluntarily paid workers' compensation benefits from Holland. One year later, Dezwaan retired. When he began receiving pension payments, Holland stopped paying workers' compensation benefits. A hearing magistrate determined that the workers' compensation benefits should continue, but should be coordinated with the pension payments. The Workers' Compensation Appellate Commission affirmed, but held that there should be no coordination. Holland appealed.

The Court of Appeals *held:*

The appellate commission erred in holding that the pension plan was not a plan maintained by the employer, but was correct in holding that the plaintiff did not terminate active employment when he retired.

1. While the pension plan was established and managed by the plaintiff's union, the employer maintained the pension plan on the employee's behalf within the meaning of the workers' compensation act by making continuing payments to it.

2. Active employment within the meaning of the workers' compensation act means being actively on the job and performing customary work. Inasmuch as the retirement took place more than a year after the last day of work, the appellate commission properly found that there was no retirement from active employment.

Reversed in part, affirmed in part, and remanded.

WORKERS' COMPENSATION — PENSION PLANS — COORDINATION OF BENEFITS.

A pension plan established and managed by a union, but to which the employer makes continuing payments on behalf of employ-

REFERENCES

Am Jur 2d, Workmen's Compensation § 364.

See the Index to Annotations under Pension and Retirement; Workers' Compensation.

ees, is a pension plan or program maintained by the employer within the meaning of the Workers' Disability Compensation Act for the purpose of coordinating workers' compensation benefits and pension benefits (MCL 418.354[1]; MSA 17.237[354] [1]).

*Michael C. Bingen, P.C.* (by *Michael C. Bingen*), for the plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Lance R. Mather*), for the defendant.

Before: WEAVER, P.J., and MacKENZIE and GRIBBS, JJ.

WEAVER, P.J. Defendant, Holland Motor Express, appeals from an order of the Workers' Compensation Appellate Commission. This order awarded continuing benefits to plaintiff, Harvey Dezwaan, and ruled that these benefits could not be coordinated with benefits paid from the Central States Pension Fund. We reverse in part and remand.

Dezwaan was employed by Holland as a truck driver when he was injured on the job on December 22, 1984. Dezwaan was off work for approximately two weeks and then returned to work until May 25, 1985. At that time he stopped working because of severe pain in his back and legs, and Holland voluntarily began paying workers' compensation benefits. One year later plaintiff decided to retire because his injuries precluded work as a truck driver.

Upon retirement, Dezwaan began receiving payments from the Central States Pension Fund. Holland then stopped paying workers' compensation benefits to Dezwaan, which precipitated the instant litigation.

I

Holland argues that the appellate commission applied an incorrect legal standard and erred as a matter of fact when it concluded that Holland was not entitled to coordinate benefits from the pension fund under MCL 418.354; MSA 17.237(354), which provides, in pertinent part:

> (1) This section is applicable when either weekly or lump sum payments are made to an employee as a result of liability pursuant to section 351, 361, or 835 with respect to the same time period for which old-age insurance benefit payments under the social security act, 42 U.S.C. 301 to 1397f; payments under a self-insurance plan, a wage continuation plan, or a disability insurance policy provided by the employer; or pension or retirement payments pursuant to a plan or program established or maintained by the employer, are also received or being received by the employee. Except as otherwise provided in this section, the employer's obligation to pay or cause to be paid weekly benefits other than specific loss benefits under section 361(2) and (3) shall be reduced by these amounts:
>
> * * *
>
> (d) The after-tax amount of the pension or retirement payments received or being received pursuant to a plan or program established or maintained by the same employer from whom benefits under section 351, 361, or 835 are received, if the employee did not contribute directly to the pension or retirement plan or program. Subsequent increases in a pension or retirement program shall not affect the coordination of these benefits.

The only question concerning this statute's application is whether the fund was established or maintained by Holland.

The appellate commission found that the pen-

sion fund was established by the Teamsters Union, which is responsible for management of assets, investment and reinvestment, reporting to the proper governmental authority, and administration of disbursements. Holland made continuing payments to the pension fund for Dezwaan's benefit based on the number of hours he worked.

The interpretation of the terms "establish" and "maintain" in § 354 is res nova in Michigan. Unless defined in the statute, every word or phrase of a statute should be accorded its plain and ordinary meaning; technical terms are to be accorded their peculiar meanings. MCL 8.3a; MSA 2.212(1); *Victorson v Dep't of Treasury*, 183 Mich App 318; 454 NW2d 256 (1990).

The term "establish" has been defined as "to found," *The American Heritage Dictionary, Second College Edition* (1985), and "to set up (a government, nation, business, etc.); found, institute." *Webster's New World Dictionary, Second College Edition* (1982). It is clear from the evidence presented that the Teamsters Union, not Holland, founded or instituted the Central States Pension Fund.

However, we conclude that Holland did maintain this fund. "Maintain" is defined as "to keep or keep up, continue in or with; carry on," and "to support by providing means of existence, bear the expenses of." *Webster's New World Dictionary, Second College Edition* (1982). Pursuant to the pension fund agreement, Holland made payments to the fund on behalf of Dezwaan. We hold that, for the purposes of this statute, an employer that funds a pension plan, maintains that pension plan.

We are confident that this interpretation is consistent with the Legislature's intent in authorizing coordination of benefits in cases where the employee made no direct contribution to a pension

fund. *Joy Management Co v Detroit,* 176 Mich App 722; 440 NW2d 654 (1989).

II

Holland argues that the appellate commission erred in refusing to give effect to the presumption of § 373 of the Workers' Disability Compensation Act.

Holland contends that the appellate commission should have applied MCL 418.373; MSA 17.237(373), which reads as follows:

> An employee who terminates active employment and is receiving nondisability pension or retirement benefits under either a private or governmental pension or retirement program, including old-age benefits under the social security act, 42 U.S.C. 301 to 1397f, that was paid by or on behalf of an employer from whom weekly benefits under this act are sought shall be presumed not to have a loss of earnings or earning capacity as the result of a compensable injury or disease under either this chapter or chapter 4. This presumption may be rebutted only by a preponderance of the evidence that the employee is unable, because of a work related disability, to perform work suitable to the employee's qualifications, including training or experience. This standard of disability supersedes other applicable standards used to determine disability under either this chapter or chapter 4.

This Court has held that "active employment means one who is actively on the job and performing the customary work of his job, as opposed to one who terminates inactive employment." *Frasier v Model Coverall Service, Inc,* 182 Mich App 741; 453 NW2d 301 (1990). Here, Dezwaan retired while he was disabled and receiving workers' compensation benefits. At the time of his retirement, Dez-

waan had not been at work for more than a year. Thus, since Dezwaan had not worked for an extended period of time before taking a nondisability retirement, the presumption of § 373 does not apply. The appellate commission did not err in so holding.

We reverse the appellate commission's ruling on coordination under MCL 418.354(1)(d); MSA 17.237(354)(1)(d), and affirm in all other respects. We remand to the Workers' Compensation Appellate Commission for entry of an order consistent with this opinion. We do not retain jurisdiction.