MASON v CHRYSLER CORPORATION

Docket No. 146861. Submitted January 7, 1993, at Detroit. Decided
March 22, 1993; approved for publication July 21, 1993, at 9:05
A.M. In lieu of granting leave to appeal, the judgment of the
Court of Appeals is modified, 444 Mich —.

Willie Mason retired in 1985 from his employment with Chrysler
Corporation, receiving nondisability pension benefits. He there-
after sought workers' compensation benefits, claiming he was
totally disabled because of a 1983 wrist injury that had pre-
vented him from continuing his employment as a welder, but
that had not prevented him from doing favored work until he
retired. A hearing officer found that Mason was totally disabled
as a result of the wrist injury. The Workers' Compensation
Appeal Board affirmed, finding that Mason was not disqualified
from benefits by reason of the statutory presumption that arose
from his nondisability retirement because he was unable to
perform work suitable to his qualifications. Chrysler appealed
by leave granted.

The Court of Appeals *held:*

Retirement with nondisability pension or retirement benefits
results in a statutory presumption that the retiree suffered no
loss of earnings or earning capacity as a result of a compensa-
ble injury or disease. The presumption can be rebutted by
demonstrating by a preponderance of the evidence that a work-
related impairment precludes performance of any other work
for which the retiree is qualified by virtue of prior training or
experience and to which the retiree can transfer, adapt, or
utilize job skills and knowledge previously acquired. Because
the appeal board clearly found, and the record supports, that
Mason was able to and did perform favored work after the
wrist injury, he failed to rebut the statutory presumption that
he was not entitled to disability benefits.

Reversed.

WORKERS' COMPENSATION — PRESUMPTIONS — NONDISABILITY PEN-
SIONS.

A retired employee who terminated active employment and is

REFERENCES

Am Jur 2d, Workers' Compensation §§ 566, 574.
See ALR Index under Workers' Compensation.

receiving nondisability pension or retirement benefits is presumed to have suffered no loss of earnings or earning capacity as a result of a compensable injury or disease for the purposes of the Workers' Disability Compensation Act; the presumption can be rebutted by demonstrating by a preponderance of the evidence that a work-related impairment precludes performance of any other work for which the retiree is qualified by virtue of prior training or experience and to which the retiree can transfer, adapt, or utilize job skills and knowledge previously acquired (MCL 418.373[1]; MSA 17.237[373][1]).

*Pianin, Paull, Sugar & Brandon* (by *Michael Sugar*), for the plaintiff.

*Lacey & Jones* (by *Michael T. Reinholm*), for the defendant.

Before: REILLY, P.J., and GRIBBS and TAYLOR, JJ.

PER CURIAM. Defendant appeals by leave granted an October 31, 1991, order of the Workers' Compensation Appeal Board, which affirmed a magistrate's decision granting plaintiff an open award of benefits. We reverse.

I

Plaintiff began working for defendant in 1955, and since 1968 worked as a welder. The job involved constant, repetitive use of his hands and arms. Plaintiff testified that soon after he began the welding work he noticed chronic swelling of his right hand. He testified that by September 1983, the problem had become so bad that he had to leave work.

Plaintiff was hospitalized from November 4 to November 7, 1983, for carpal tunnel relief surgery. He was allowed to return to work on June 7, 1984, but with restrictions regarding the use of his right wrist. Plaintiff never returned to the welding position, but instead worked as a "floater."

Plaintiff admitted that he had medical problems not connected with work, including a thyroid condition and diabetes. He did not work for several weeks beginning August 26, 1985, because of his diabetes. He testified that, when he returned to work after Labor Day, someone in the employment office told him that he should apply for retirement. Plaintiff took a nondisability retirement effective September 30, 1985.

On October 4, 1985, plaintiff filed a petition for a hearing claiming a variety of disabilities. The parties stipulated that plaintiff had received a personal injury at work on September 1, 1983, and also stipulated that plaintiff had been engaged in common labor. Defendant, however, did not, stipulate any continuing disability from that injury or the nature of that injury.

In a decision mailed on June 6, 1988, the magistrate found plaintiff totally disabled as a result of his 1983 wrist injury, but denied all his other claims. Defendant appealed, and, in a decision and order dated October 31, 1991, the WCAB affirmed. The WCAB found, as fact, that plaintiff was given favored work as a result of the work-related injury of September 1983 and that this status continued up through his last day of employment, when he took a regular retirement. The WCAB found that although plaintiff suffered from medical problems that were not work-related, he was disabled from regular employment because of the lingering effects of his work-related wrist injury.

On appeal to the WCAB, defendant argued that plaintiff was not entitled to benefits because he could not defeat the retiree presumption of § 373(1) of the Workers' Disability Compensation Act, MCL 418.373(1); MSA 17.237(373)(1), which provides:

An employee who terminates active employment

and is receiving nondisability pension or retirement benefits under either a private or governmental pension or retirement program, including old-age benefits under the social security act, 42 USC 301 to 1397f, that was paid by or on behalf of an employer from whom weekly benefits under this act are sought shall be presumed not to have a loss of earnings or earning capacity as the result of a compensable injury or disease under either this chapter or chapter 4. This presumption may be rebutted only by a preponderance of the evidence that the employee is unable, because of work related disability, to perform work suitable to the employee's qualifications, including training or experience. This standard of disability supersedes other applicable standards used to determine disability under either this chapter or chapter 4.

The WCAB disagreed, finding, as fact, that "plaintiff is unable to perform work suitable to his qualification, inasmuch as his only experience was that of a fourth grade educated common laborer."

II

Findings of fact made by the WCAB are conclusive in the absence of fraud and may not be set aside if supported by any competent record evidence. Const 1963, art 6, § 28; MCL 418.861; MSA 17.237(861). Questions regarding injury, disability, and causation, as well as the credibility of medical and lay witnesses, are for the WCAB to decide. *Nezdropa v Wayne Co,* 152 Mich App 451, 461; 394 NW2d 440 (1986). Legal questions, however, are fully reviewable by this Court. *Aquilina v General Motors Corp,* 403 Mich 206, 213; 267 NW2d 923 (1978).

Defendant argues that the WCAB erred as a matter of law in holding that plaintiff defeated the retiree presumption of § 373(1). We agree for the following reasons.

Plaintiff does not dispute that he is in receipt of nondisability pension benefits. Although plaintiff argues that he did not "terminate active employment" within the meaning of § 373(1) because he was on medical leave at the time he applied for his pension, we disagree. Plaintiff testified that he was on medical leave because of his diabetes. Plaintiff admitted that his diabetes was not work-related. Plaintiff did not apply for a nondisability pension only after being away from work for an extended period of time and while receiving workers' compensation benefits. Therefore, this case is distinguishable from *Frasier v Model Coverall Service, Inc,* 182 Mich App 741; 453 NW2d 301 (1990), and *Dezwaan v Holland Motor Express,* 189 Mich App 575; 473 NW2d 788 (1991).

Accordingly, plaintiff is not entitled to benefits unless he can defeat the statutory presumption. The nature of plaintiff's burden was analyzed by this Court in *Peck v General Motors Corp,* 164 Mich App 580, 592-593; 417 NW2d 547 (1987):

> Relevant inquiries under § 373(1) are: What is the retired employee's residual physical capacity after his work-related injury? What skills and knowledge has he acquired through training or experience? Are these skills transferable to other types of occupations? Are there other jobs to which his skills and knowledge can be transferred within his physical capacity to perform? Under this analytical framework, the retired claimant's burden of rebutting the presumption is twofold: (1) he must establish that he has physical restrictions resulting from a work-related injury or disease, and (2) that these restrictions render him unable to perform work, within or without his field of skill, that is otherwise "suitable to his qualifications." In other words, a retired worker must demonstrate by a preponderance of the evidence that the work-related impairment precludes him from perform-

ing any other work, either within or without his field of skill, for which he is qualified by virtue of his prior training or experience and to which he can transfer, adapt or utilize job skills and such knowledge previously acquired.

The parties stipulated that plaintiff was employed at common or unskilled labor. The WCAB found that after his return to work from carpal tunnel surgery on June 7, 1984, until his last day of work, plaintiff did not return to his old welding job but performed restricted work, being in the nature of a floater. Although plaintiff testified that some of the jobs available on any given day did not fall within his medical restrictions, he was able to perform most of the jobs and, in one case, took the place of an employee who was on vacation for a week. Plaintiff also testified that there were many jobs he knew he could do when he retired and that he wished defendant had given him such a job instead of forcing him to retire.

In light of the WCAB's findings and plaintiff's testimony, we hold that plaintiff did not rebut the retiree presumption in this case. Although plaintiff remains restricted from certain two-handed jobs and may not use his right hand and wrist in a repetitive manner or to do strenuous labor, he admitted that there were many jobs in an automobile assembly plant that he could do. It follows that his work-related injury did not render him unable to perform work within his field of unskilled labor. Therefore, plaintiff failed to rebut the retiree presumption and he is not entitled to benefits.

Defendant also argues that the WCAB erred in failing to explain its reasons for rejecting defendant's contention that plaintiff's wrist condition

was not work-related at all, but rather was a complication of plaintiff's diabetes, and that the WCAB failed to draw the proper adverse inference from plaintiff's failure to depose his own treating physician. Because we hold that plaintiff is not entitled to benefits on other grounds, we do not address these issues.

Reversed.