McDONALD v HOLLAND MOTOR EXPRESS, INC

Docket No. 141701. Submitted March 4, 1993, at Grand Rapids. Decided March 31, 1993; approved for publication August 18, 1993, at 9:05 A.M. Leave to appeal denied, 443 Mich —.

Arthur McDonald was injured during the course of his employment with Holland Motor Express, Inc., on December 11, 1979. He continued to work until April 22, 1985, when he retired on the advice of his physician and accepted a nondisability pension. He filed a claim for workers' disability compensation benefits on July 8, 1985. A hearing referee denied the claim, finding that although the plaintiff was partially disabled from common labor, he had failed to rebut the retiree presumption of the Workers' Disability Compensation Act, MCL 418.373(1); MSA 17.237(373)(1). The Workers' Compensation Appeal Board concluded that the retiree presumption did not apply, and reversed the referee's decision. The defendant appealed by leave granted.

The Court of Appeals *held:*

1. Where an employee continues active employment until retirement and receipt of a nondisability pension, the employee's reason for retiring is irrelevant in determining whether MCL 418.373(1); MSA 17.237(373)(1) applies.

2. Because the plaintiff was actively employed when he retired, § 373(1) applies in this case. The Workers' Compensation Appeal Board erred as a matter of law in concluding otherwise.

Reversed.

1. Workers' Compensation — Retiree Presumption — Active Employment — Nondisability Pensions.

Where an employee continues active employment until retirement and receipt of a nondisability pension, the reason for retiring is irrelevant in determining whether the retiree presumption of the Workers' Disability Compensation Act, that such an employee does not have a loss of earnings or earning

References

Am Jur 2d, Workers' Compensation §§ 139-153.
See ALR Index under Workers' Compensation.

capacity as the result of a compensable injury or disease, applies to the employee (MCL 418.373[1]; MSA 17.237[373][1]).

2. WORKERS' COMPENSATION — RETIREE PRESUMPTION — ACTIVE EM-
PLOYMENT.

"Active employment" for purposes of the retiree presumption of the Workers' Disability Compensation Act means actually being engaged in performing work for an employer at the time of retirement, i.e., being actively on the job and performing the customary work of the job (MCL 418.373[1]; MSA 17.237[373] [1]).

*McCroskey, Feldman, Cochrane & Brock, P.C.* (by *J. Walter Brock*), for the plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Lance R. Mather*), for the defendant.

Before: McDONALD, P.J., and REILLY and FITZ-GERALD, JJ.

PER CURIAM. Defendant appeals by leave granted a May 21, 1991, order of the Workers' Compensation Appeal Board that reversed a hearing referee's decision denying plaintiff's claim for benefits because of his failure to rebut the retiree presumption of § 373(1) of the Workers' Disability Compensation Act, MCL 418.373(1); MSA 17.237(373)(1). The WCAB concluded that the retiree presumption did not apply. We reverse.

Plaintiff began working as a truck driver for defendant in February 1959. On December 11, 1979, he injured his back when he fell between a loading dock and the rear of a trailer. Plaintiff's last day of work with defendant was on April 22, 1985, when he retired on the advice of his physician and accepted a nondisability pension.

On July 8, 1985, plaintiff filed a claim for disability compensation benefits. The referee denied the claim, finding that although plaintiff was partially disabled from common labor, he had failed

to rebut the retiree presumption of § 373(1), which provides:

> An employee who terminates active employment and is receiving nondisability pension or retirement benefits under either a private or governmental pension or retirement program, including old-age benefits under the social security act, 42 USC 301 to 1397f, that was paid by or on behalf of an employer from whom weekly benefits under this act are sought shall be presumed not to have a loss of earnings or earning capacity as the result of a compensable injury or disease under either this chapter or chapter 4. This presumption may be rebutted only by a preponderance of the evidence that the employee is unable, because of a work related disability, to perform work suitable to the employee's qualifications, including training or experience. This standard of disability supersedes other applicable standards used to determine disability under either this chapter or chapter 4.

The referee found § 373(1) applicable because plaintiff terminated active employment and was receiving a nondisability pension. Plaintiff appealed and the WCAB reversed. Citing *Frasier v Model Coverall Service, Inc,* 182 Mich App 741; 453 NW2d 301 (1990), the WCAB concluded that the retiree presumption did not apply because plaintiff retired because of his disability.

Defendant argues that where an employee continues to engage in active employment until the time he retires and receives a nondisability pension, the employee's reason for retiring is irrelevant in determining whether § 373(1) applies. We agree. As we stated in *Frasier, supra* at 744:

> When statutory language is clear and unambiguous, judicial interpretation to vary the plain meaning of the statute is precluded. The Legislature

must have intended the meaning it plainly expressed, and the statute must be enforced as written. *Hiltz v Phil's Quality Market,* 417 Mich 335, 343; 337 NW2d 237 (1983). The legislative intent behind § 373 was to reform the statute and limit the number of retired workers who were eligible to collect compensation along with a nondisability retirement. *Franks v White Pine Copper Div,* 422 Mich 636, 657; 375 NW2d 715 (1985). Therefore, in determining what the Legislature meant by "active employment" we must define "active" in its ordinary sense and meaning. Placing the "active" before employment must have been for the purpose of adding some further meaning—distinguishing between employees who were actually engaged in performing work for an employer at the time of retirement and those who were not. It follows, therefore, that "active employment" means one who is actively on the job and performing the customary work of his job, as opposed to one who terminates inactive employment.

In *Frasier,* this Court affirmed the Workers' Compensation Appellate Commission's decision that the plaintiff was not engaged in active employment at the time of his retirement because he had not been working for five months before taking a reduced, nondisability retirement. See also *Dezwaan v Holland Motor Express,* 189 Mich App 575, 579; 473 NW2d 788 (1991) (because the plaintiff retired while he was disabled and had not worked for an extended period of time before taking a nondisability retirement, the presumption of § 373[1] did not apply). In both *Frasier* and *Dezwaan,* neither plaintiff was actively employed at the time of retirement.

In this case, however, plaintiff continued to work until the time he took a nondisability retirement. Thus, plaintiff was actively employed when he

retired[1] and § 373(1) applies.[2] To hold otherwise in a situation where a plaintiff continued to engage in active employment until the time of retirement would defeat the intent of the Legislature. As the referee in this case pointed out:

> [I]t must be plaintiff who terminates active employment. . . . The Legislature did not require that plaintiff's termination of active employment be "voluntary."

The WCAB erred as a matter of law in concluding that § 373(1) did not apply in this case.[3]

Reversed.

---

[1] This case is factually distinguishable from *Frasier, supra,* and *Dezwaan, supra.*

[2] We agree that the timing of the filing of the workers' compensation claim is not relevant in determining whether § 373(1) applies. See *Frasier, supra* at 746.

[3] The WCAB did not decide whether plaintiff rebutted the retiree presumption because it found that the presumption did not apply. However, the fact that the WCAB found plaintiff partially but not totally disabled implies that he cannot defeat the presumption. If plaintiff is partially disabled, he retains some capacity to work in common or unskilled labor. If so, he cannot show that he is "unable, because of a work-related disability, to perform work suitable" to his qualifications, i.e., unskilled labor, within the meaning of § 373(1).