MILES v RUSSELL MEMORIAL HOSPITAL

Docket No. 150907. Submitted August 4, 1993, at Grand Rapids. Decided October 5, 1993, at 9:05 A.M. Leave to appeal sought.

Charles Miles, an employee of Russell Memorial Hospital, sought workers' compensation for a work-related back injury, but was denied benefits on the basis that he was ineligible under the retiree provision of the Workers' Disability Compensation Act. Miles was on call on September 9, 1985, when he felt pain in his back while putting on his shoes to go to the hospital after being summoned. He did not return to work until 1986, when he accepted an offer of favored work. He continued the favored work until June 1, 1987, when he retired. He then began receiving nondisability retirement benefits from the Social Security Administration. A hearing referee in the Bureau of Workers' Disability Compensation later determined that Miles sustained a work-related injury on September 9, 1985, but that pursuant to the retiree provision of MCL 418.373; MSA 17.237(373), Miles was ineligible for workers' compensation benefits. The Workers' Compensation Appellate Commission, in a split decision, affirmed the referee's finding of a single-event work-related injury, but reversed the ruling regarding § 373 and awarded benefits payable by the Second Injury Fund. The fund appealed by leave granted.

The Court of Appeals held:

1. Section 373 provides that an employee who terminates active employment and is receiving nondisability pension or retirement benefits under either a private or governmental retirement program, including old-age benefits under the Social Security Act, is presumed not to have a loss of earnings or earning capacity as the result of an injury or disease that is compensable under chapter 3 or chapter 4 of the workers' compensation act. Section 373 further provides that the presumption may be rebutted only by a preponderance of the evidence that the employee is unable, because of a work-related

REFERENCES
Am Jur 2d, Workers' Compensation §§ 297, 303, 414, 415, 570.
See ALR Index under Workers' Compensation.

disability, to perform work suitable to the employee's qualifications, including training or experience. For purposes of § 373, "active employment" means being actively on the job and performing the customary work of the job. Section 373 applies in this case inasmuch as Miles terminated active employment by discontinuing the favored work and retiring, and it is not disputed that he began receiving nondisability retirement benefits. Accordingly, Miles must rebut the retiree presumption of § 373 with evidence of an inability to perform work suitable to his qualifications because of a work-related disability.

2. The hearing referee and the commission correctly determined that the back injury Miles sustained while preparing to go to the hospital when summoned was work-related for purposes of workers' compensation.

Affirmed in part, reversed in part, and remanded to the commission.

1. WORKERS' COMPENSATION — RETIREES — ACTIVE EMPLOYMENT.

An employee who accepts favored work after a work-related injury, retires from the favored work, and begins receiving nondisability pension retirement benefits under a private or governmental pension or retirement program is presumed not to have sustained a loss of earnings or earning capacity resulting from a compensable work-related injury or disease; that presumption may be rebutted with evidence that the employee, because of a work-related disability, is unable to perform work suitable to the employee's qualifications, including training or experience (MCL 418.373[1]; MSA 17.237[373][1]).

2. WORKERS' COMPENSATION — ON-CALL EMPLOYEES — WORK-RELATED INJURIES.

An employee who is on call for an employer and sustains injury in the course of responding to the employer's call to come to work has sustained a work-related injury for purposes of workers' compensation.

*DuBois, Westerman & Cooper* (by *Robert T. Westerman* and *Robert W. Grzech*), for Charles Miles.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Caleb B. Martin, Jr.,* Assistant Attorney General, for the Second Injury Fund.

Before: FITZGERALD, P.J., and TAYLOR and CONNOR, JJ.

PER CURIAM. By leave granted, the Second Injury Fund appeals a March 6, 1992, opinion and order of the Workers' Compensation Appellate Commission, one member dissenting, reversing the decision of a magistrate and declaring that § 373 of the Workers Disability Compensation Act, MCL 418.373; MSA 17.237(373), (the retiree presumption) is not applicable to plaintiff. The commission correlatively affirmed the magistrate's determination that plaintiff suffered a disabling, single-event injury on September 9, 1985.

On that date, plaintiff, who was "on call" for the hospital, was summoned back to work by his employer. He was putting on his shoes when he felt overwhelming pain in his back. He thereafter was never able to return to his regular employment, which involved heavy lifting.

In 1986, plaintiff accepted an offer of favored work, a clerical position that entailed six hours of work a day, five days a week. He continued the favored work until June 1, 1987, three days after his sixty-second birthday, when he retired. Plaintiff then began receiving social security nondisability retirement benefits, for which he had begun the application process three months earlier.

The commission held § 373 inapposite because it concluded that plaintiff had not left "active employment," reasoning that plaintiff was not performing his customary work, but favored work, at the time he retired. The commission also adopted plaintiff's testimony that, on the date he retired, his back pain had become so severe that he could not continue even his clerical duties. Thus, the commission concluded that plaintiff was disabled even from favored work on the date of retirement.

The Second Injury Fund presents the following issues for review:

I. Did the WCAC err in holding that plaintiff's favored employment was not "active employment: for [purposes of] application of the retiree presumption contained in § 373?

II. Did the WCAC err in finding a date of injury of September 9, 1985, the date plaintiff testified he injured his back while putting on his shoes at home, rather than a last day of work injury of June 1, 1987 pursuant to *Porter v Great Lakes Steel,* 114 Mich App 293 [318 NW2d 646] (1982)?

Section 373 provides, in relevant part:

(1) An employee who terminates active employment and is receiving nondisability pension or retirement benefits under either a private or governmental pension or retirement program, including old age benefits under the social security act, 42 USC §§ 301-1397f, that was paid by or on behalf of an employer from whom weekly benefits under this act are sought shall be presumed not to have a loss of earnings or earning capacity as the result of a compensable injury or disease under either this chapter or chapter 4. This presumption may be rebutted only by a preponderance of the evidence that the employee is unable, because of a work related disability, to perform work suitable to the employee's qualifications, including training or experience. This standard of disability supersedes other applicable standards used to determine disability under either this chapter or chapter 4. [MCL 418.373; MSA 17.237(373).]

For purposes of § 373, this Court has twice construed "active employment" to mean being "actively on the job and performing the customary work of [the] job." *Frasier v Model Coverall Service, Inc,* 182 Mich App 741; 453 NW2d 301 (1990);

*Dezwaan v Holland Motor Express,* 189 Mich App 575, 579; 473 NW2d 788 (1991).

The commission has misconstrued what this Court intended when it spoke of "performing the customary work of [the] job." Plaintiff's job, as of the date of retirement, was clerical. Immediately before his retirement, plaintiff was performing the customary duties of his clerical employment. To construe the phrase as the commission has done in this case makes the retiree presumption entirely meaningless, because all workers with otherwise work-related, compensable disabilities are, by definition, incapable of performing the particular job they were doing at the time of injury, by virtue of the definition of "disability" in § 301(4), MCL 418.301(4); MSA 17.237(301)(4).

The commission went on to reach the further erroneous conclusion that, pursuant to § 301(5)(e), MCL 418.301(5)(e); MSA 17.237(301)(5)(e), because plaintiff was employed less than one hundred weeks in favored work, he must receive compensation irrespective of the reason for losing his job. Subsection 5(e) of § 301 must, however, be construed properly in the context of subsection 5(a), which bars an employee, who has received a bona fide offer of favored work ("reasonable employment from the previous employer, another employer, or through the Michigan Employment Security Commission") from receiving any benefits, on the rationale, so declared in the statute itself, that the employee has thereby voluntarily left the workforce.

That is, of course, exactly what plaintiff did when he retired. This renders irrelevant the commission's additional, gratuitous finding that, on the date he retired, plaintiff was no longer able to perform even his favored employment. The fact

remains that plaintiff was employed in and performed favored work until the date of retirement. Therefore, upon retirement, plaintiff "ceased active employment." *McDonald v Holland Motor Express, Inc,* 201 Mich App 285, 288-289; 506 NW2d 234 (1993). Accordingly, plaintiff must rebut the presumption established in § 373 by showing that work suitable to his qualifications, training, or experience is unavailable, not simply that he cannot perform the favored work in which he was employed at the time of retirement. *Peck v General Motors Corp,* 164 Mich App 580; 417 NW2d 547 (1987), rev'd in part on other gds 432 Mich 892 (1989); see also *Brown v Beckwith Evans Co,* 192 Mich App 158, 163-164; 480 NW2d 311 (1991). Because the commission failed to determine whether the plaintiff carried his burden of proof on this issue in light of its resolution of the threshold question, the cause must be remanded for factfinding regarding this issue. *Brown v Beckwith Evans Co, supra.*

A second issue raised by the Second Injury Fund is without merit. The fund argues, first, that injuries sustained while an employee is going to and from work are not compensable. *Denny v Kostadinovski,* 117 Mich App 517; 324 NW2d 19 (1981). While that legal proposition is unassailable, here plaintiff was not simply going to or coming from work. His "on call" status meant that he was never in fact away from work. Plaintiff was simply, in effect, on an extended break, which his employer permitted him to take anywhere within reasonable geographic proximity to his place of employment and also near a telephone. Plaintiff was both recreating and on a mission for his employer, squarely within the "dual purpose" doctrine, which makes the injury clearly connected to his employment and compensable. *Burchett v Del-*

*ton-Kellogg School Dist,* 378 Mich 231; 144 NW2d 337 (1966).

Viewed differently, plaintiff was effectively working a split-shift schedule, which exposed him to hazards of travel to and from the workplace greater than those encountered by an ordinary employee who reports for work and returns home only once each day. Compensation is awardable in these circumstances, even if plaintiff had been "concededly on his own time and performing no service for his employer." *Burchett, supra* at 234, citing *Howard v Detroit,* 377 Mich 102; 139 NW2d 677 (1966).

Accordingly, the commission properly found that plaintiff was injured in the course of his employment on September 9, 1985. The commission was not bound to conclude that plaintiff suffered other than a single-event injury, and so the "last day of work" doctrine, § 301(1), which is factitious in its application, was correctly dispelled from further consideration.

The decision of the commission is reversed in part and affirmed in part, and the cause is remanded to the commission for further proceedings consistent with this opinion. This Court retains no further jurisdiction.

Affirmed in part, reversed in part, and remanded.