FITTS v CITY OF DETROIT WATER DEPARTMENT (ON REMAND)

Docket No. 183611. Submitted June 12, 1996, at Detroit. Decided August 30, 1996, at 9:05 A.M.

Robert L. Fitts filed a claim for worker's compensation benefits with the Bureau of Worker's Disability Compensation on August 1, 1990. Fitts last worked for the City of Detroit Water Department in June 1988, went on vacation until August 1988, retired in August 1988, and alleged an injury date of February 11, 1987. A worker's compensation magistrate determined that the claim was not timely under § 381(1) of the Worker's Disability Compensation Act, MCL 418.381(1); MSA 17.237(381)(1). The Worker's Compensation Appellate Commission affirmed. The Court of Appeals denied Fitts' application for leave to appeal. The Supreme Court, in lieu of granting leave, remanded the case to the Court of Appeals for consideration as on leave granted. 448 Mich 869 (1995).

On remand, the Court of Appeals *held*:

Section 381(1) provides in part that a claim is not valid or effective unless it is made within two years after the later of the date of injury, the date disability manifests itself, or the last day of employment with the employer against whom the claim is made. The last day of employment is not necessarily the last day of work. Individuals who are on leave for sickness or disability or who are on vacation remain employed, even though they are not actively working. It is a common practice for individuals whose employment will be terminated to be given an opportunity to exhaust vacation or other leave time before the actual and formal severance of the employment relationship. During that period, the inactive workers are treated like employees, receiving pay and health care coverage and accruing service credits for retirement purposes. Also, interpreting "last day of employment" in § 381(1) as not being synonymous with "last day of work" is consistent with the distinction drawn by the Court of Appeals in the past between active employment and inactive employment in the context of the retiree presumption of § 373(1), MCL 418.373(1); MSA 17.237(373)(1).

Reversed and remanded for further proceedings.

WORKER'S COMPENSATION — TIMELINESS OF CLAIMS — LAST DAY OF EMPLOYMENT.
A worker's compensation claim is not valid or effectual unless it is made within two years after the later of the date of the injury, the date disability manifests itself, or the last day of employment with the employer against whom the claim is being made; a claimant's last day of employment is not necessarily the claimant's last day of active work (MCL 418.381[1]; MSA 17.237[381][1]).

*Dietrich & Cassavaugh, P.C.* (by *George A. Cassavaugh, Jr.*), for Robert L. Fitts.

*Phyllis A. James,* Corporation Counsel, *Terri L. Renshaw,* Deputy Corporation Counsel, and *Toni S. Wingate,* Assistant Corporation Counsel, for City of Detroit.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Joseph M. Binno,* Assistant Attorney General, for Second Injury Fund.

ON REMAND

Before: GRIFFIN, P.J., and BANDSTRA and M. WARSHAWSKY,* JJ.

PER CURIAM. Plaintiff appeals an order of the Worker's Compensation Appellate Commission that affirmed a magistrate's decision that plaintiff's petition for benefits was untimely. Because we agree with plaintiff that his petition for benefits was timely, we reverse and remand for further proceedings.

I

Plaintiff began working for defendant city in 1961. In 1980, he was promoted to foreman. He testified that he experienced no physical difficulties until 1986,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

at which time he began to notice numbness and pain in his fingers and wrists. He was eventually diagnosed as suffering from bilateral carpal tunnel syndrome.

Plaintiff underwent surgeries in August 1987 for relief from the syndrome. He was off work from August 3, 1987, until February 7, 1988. During this time, he received weekly worker's compensation benefits. Forms filed with the Worker's Disability Compensation Bureau by the employer indicate a date of injury of February 11, 1987. The significance of this date is unknown. Plaintiff returned to work on February 8, 1988. He testified that although he wore braces on his hands and was unable to do some work because of continuing problems, he never filed any additional injury reports or otherwise complained of specific injuries.

In June 1988, plaintiff went on vacation and never returned to active work. He retired some time in August 1988, at the age of sixty-three. He testified that he had planned to work until he was sixty-five and would have done so in order to receive more pension benefits, but he continued to have problems with his hands and wrists.

On August 1, 1990, plaintiff filed a petition for hearing, claiming disability as a result of his carpal tunnel syndrome, as well as additional difficulties including loss of industrial use of his upper extremities. His original petition alleged that he last worked in June 1988. However, he amended the petition on October 8, 1990, to include an injury date of February 11, 1987.

In an opinion and order mailed on November 6, 1991, the magistrate found that plaintiff had not proved that he lost the industrial use of his upper

extremities, but did prove that he suffers from job-related bilateral carpal tunnel syndrome. However, the magistrate found that plaintiff was not entitled to benefits because he filed his claim more than two years after his last day of active work in June 1988, contrary to § 381(1) of the Worker's Disability Compensation Act, MCL 418.381(1); MSA 17.237(381)(1), which provides in part:

> A claim shall not be valid or effectual for any purpose under this chapter unless made within 2 years after the later of the date of injury, the date disability manifests itself, or the last day of employment with the employer against whom claim is being made. If an employee claims benefits for a work injury and is thereafter compensated for the disability by worker's compensation or benefits other than worker's compensation, or is provided favored work by the employer because of the disability, the period of time within which a claim shall be made for benefits under this act shall be extended by the time during which the benefits are paid or the favored work is provided.

Plaintiff appealed, and in an opinion and order dated January 14, 1994, the WCAC affirmed.

Plaintiff's application for leave to appeal to this Court was denied on May 17, 1994. Plaintiff applied to the Supreme Court for leave to appeal. In lieu of granting leave, the Supreme Court remanded to this Court for consideration as on leave granted and also instructed the parties to brief an issue not raised in plaintiff's applications to this Court or the Supreme Court:

> The parties are to include among the issues to be briefed whether, for purposes of Section 381 of the Worker's Disability Compensation Act, the plaintiff's "last day of employment" with the defendant was the date of retirement in

August, 1988, and thus his ... claim fell within the two-year period. [448 Mich 869 (1995).]

II

The phrase "last day of employment" is not defined in the act. The meaning of this phrase in a factual context like that at issue here is an issue of first impression. We hold that the last day of employment with a given employer is not necessarily the same as the last day of work for that employer.

As a matter of common experience, the mere fact that a person is not actively working for an employer does not necessarily mean that the person is not employed by that employer. Individuals who are on sick or disability leave or who are on vacation remain employed, even though not actively working at the time. Indeed, it is a common practice for individuals whose employment will be terminated to be given an opportunity to exhaust vacation or other leave time before the actual and formal severance of the employment relationship. During that period, the inactive workers are treated like employees, receiving pay and health care coverage and accruing service credits for retirement purposes.

In the present case, plaintiff testified and defendant city's records agree that plaintiff last actively worked for the city in June 1988. The testimony and records further show that plaintiff then went on vacation until some time in August 1988, when he retired. Because plaintiff's petition for benefits was filed on August 1, 1990, we hold that it was filed within two years after "the last day of employment" within the meaning of § 381(1).

We find support for our analysis in the retiree pre-
sumption of § 373(1) of the act, MCL 418.373(1); MSA
17.237(373)(1), which applies when a retiree who "ter-
minates active employment and is receiving nondis-
ability pension or retirement benefits" petitions for
worker's compensation benefits. In a series of cases,
this Court has construed the term "active employ-
ment" as meaning being engaged in actual work for
the employer before retirement, thus holding that the
retiree presumption does not apply when a worker
was on sick or disability leave for some period before
retiring. See *McDonald v Holland Motor Express, Inc*,
201 Mich App 285, 287-289; 506 NW2d 234 (1993), and
cases discussed therein. These decisions recognize a
statutory distinction between active and inactive
employment in the retiree presumption. Interpreting
"the last day of employment" in § 381(1) as being
synonymous with "the last day of work" would be
equivalent to interpreting it as being synonymous
with "the last day of active employment." This would
read the word "active" into § 381(1) when it is not
there, or it would ignore the distinction between
active and inactive employment otherwise recognized
in the statute. The last day of employment should not
be interpreted as being the same as the last day of
work.

We conclude that the WCAC erred in affirming the
magistrate's holding that plaintiff's petition was
untimely under § 381(1).

III

Plaintiff argues that the WCAC erred in failing to give
effect to stipulations by the parties regarding an
injury date of February 11, 1987, and in failing to

reverse the magistrate's finding that plaintiff failed to prove that he suffered the loss of the industrial use of his hands. We find it unnecessary to address these issues in light of the above analysis and our remand to the WCAC for further proceedings. We also find it inappropriate to address the second issue because the WCAC has not yet addressed its merits.

We reverse and remand to the WCAC for consideration of any claims of error preserved for review. We do not retain jurisdiction.