1997 ME 170

Peter **CESARE**

v.

**GREAT NORTHERN PAPER CO., INC.**

Supreme Judicial Court of Maine.

Argued June 16, 1997.

Decided July 24, 1997.

Wayne W. Whitney, James G. Fongemie (orally), McTeague, Higbee, MacAdam, Case, Watson & Cohen, Topsham, for employee.

John A. Woodcock, Jr. (orally), Weatherbee, Woodcock, Burloack & Woodcock, P.A., Bangor, for employer.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, RUDMAN, and LIPEZ, JJ.

ROBERTS, Justice.

[¶ 1] Great Northern Paper Company, Inc., appeals from the decision of the Workers' Compensation Board denying Great Northern's petition for review of the 100% partial incapacity benefits being paid to Peter Cesare. Great Northern contends that the Board erred by failing to apply the retiree presumption of 39–A M.R.S.A. § 223 (Supp. 1996) and by ruling that Great Northern had not met its burden pursuant to 39–A M.R.S.A. § 205(9)(B) (Supp.1996) to show a change of circumstances since a 1990 decision. We affirm the decision.

[¶ 2] In the fall of 1986, Cesare elected to take early retirement from his employment with Great Northern, and filed the necessary paperwork in December 1986. On January 4, 1987, prior to his last scheduled day of work, Cesare suffered a work-related injury. He began receiving nondisability retirement benefits on February 1, 1987, the date he originally elected to retire. Cesare filed a petition for award that was granted in 1988. The former Commission denied Great Northern's petition for review in 1990. The Commission concluded that, although Cesare was capable of performing remunerative work, he was entitled to 100% partial benefits. Cesare apparently had sustained his burden of production on the work-search issue.

[¶ 3] Great Northern filed the present second petition for review, alleging that Cesare's incapacity had diminished or ended, and con-

tending also that because he receives nondisability retirement benefits, Cesare is subject to the section 223 retiree presumption that he is not incapacitated as a result of a work-related injury. The Board concluded that because Cesare was injured and not working prior to his last scheduled day of work, he had not terminated active employment at the time he began receiving nondisability retirement benefits, and therefore section 223 did not apply, notwithstanding his earlier election to retire. The Board also concluded that Cesare remained capable of performing remunerative work, but that it was not persuaded there has been any change in the other circumstances that supported the 1990 decision. In the absence of such change, the Board decided on the basis of res judicata that Cesare was entitled to retain 100% partial benefits.

## I.

■ [¶ 4] Section 223 provides:

### § 223. Presumption of earnings loss for retirees

**1. Presumption.** An employee who terminates *active employment* and is receiving nondisability pension or retirement benefits under either a private or governmental pension or retirement program, including old-age benefits under the United States Social Security Act, 42 United States Code, Sections 301 to 1397f, that was paid by or on behalf of an employer *from whom weekly benefits under this Act are sought is presumed not to have a loss of earnings or earning capacity as the result of compensable injury or disease under this Act.* This presumption may be rebutted only by a preponderance of evidence that the employee is unable, because of a work-related disability, to perform work suitable to the employee's qualifications, including training or experience. This standard of disability supersedes other applicable standards used to determine disability under this Act.

**2. Construction.** This section may not be construed as a bar to an employee

receiving medical benefits under section 206 upon the establishment of a causal relationship between the employee's work and the need for medical treatment.

39-A M.R.S.A. § 223 (emphasis added). Applying a strict interpretation of the statutory language, the Board concluded that because the employee was injured, and left work involuntarily, prior to the actual date of retirement, he had not terminated "active employment" for purposes of section 223. Great Northern contends that Cesare's election of early retirement prior to his injury and while still actively employed, constitutes a termination of active employment for purposes of section 223. We disagree.

■ [¶ 5] We stated in *Bowie v. Delta Airlines, Inc.*, 661 A.2d 1128 (Me.1995), that "[t]he phrase 'active employment' is usually understood to mean 'one who is actively on the job and performing the customary work of his job.'" *Id.* at 1131 (quoting *Miles v. Russell Mem. Hosp.*, 202 Mich.App. 6, 507 N.W.2d 784, 785 (Mich.App.1993)). Because he was not working as a result of a work-related injury, Cesare did not terminate active employment on February 1, 1987. The fact that an employee has announced an intention to retire, or requested the necessary paperwork, or applied for retirement, does not affect the status of the employee as actively employed until the effective date of retirement. The Board therefore correctly refused to apply the presumption of section 223.

## II.

■ [¶ 6] The Board was not persuaded that there had been any change in circumstances since the 1990 decision. The Board stated that Cesare's failure to conduct any work search since that decision did not relieve Great Northern of its ultimate burden of proving that there was work available within the community. Great Northern contends that it met its burden on its present petition for review by showing that Cesare had failed to continue to seek work within his work capacity. It argues that an employee's

lack of any work search after a sufficient period of time should be regarded as a change of circumstances affecting earning capacity. There is no statutory language to support such an interpretation. Moreover, reliance on an indeterminate period of time to limit the application of *res judicata* would be unfair to the employee and a nightmare to administer. We conclude that the Board correctly applied section 205(9)(B).

The entry is:

*Decision affirmed.*